## THE JULIA L. SHERWOOD.*

### (District Court, E. D. New York. December 5, 1882.)

1. VESSEL—LABOR AND MATERIALS SUPPLIED—LIEN UNDER STATE STATUTE.

The facts that a domestic vessel was placed upon a dry-dock for the purpose of being repaired, that she was there repaired, and had not left the place where the repairs were done up to the time of filing a libel against her by the owner of the dock for labor and material furnished, are sufficient to support a lien on the vessel therefor under the New York state statute.

2. SAME—FILING SPECIFICATION OF LIEN.

The statute does not require the filing of a specification of lien, except in case the vessel departs from the port.

3. STATUTORY LIEN—ENFORCEMENT IN ADMIRALTY.

Semble, that the facts proved in this case showed a lien enforceable in admiralty, aside from the provisions of the state statute.

In Admiralty.

Tunis G. Bergen, for libelant.

S. B. Caldwell, for claimant.

BENEDICT, D. J. The bill presented by the libelant, Theodore A. Crane, to the claimant and signed by him as correct, coupled with the positive evidence of a subsequent admission of its correctness by the claimant, affords abundant proof of the averments of the libel that the items of labor and material mentioned in the bill were supplied by the libelant to the boat upon the request of the owner. There is also proof in the case that such labor and material were necessary to the repair of the boat. The defense that this labor and material were furnished upon the sole personal credit of the owner of the boat, and to be paid for in four months, is not proved to my satisfaction. Neither has it been proved to my satisfaction that the work was performed under a contract to do it for a specific sum. The libelant is therefore entitled to a decree for the amount of the

*Reported by R. D. & Wyllys Benedict.

bill, less $25, proved to have been paid, provided the facts proved show a subsisting lien upon the boat therefor. The facts proved to support the liens are that the vessel was a domestic vessel; that she was placed upon the libelant's dry-dock in Brooklyn for the purpose of there being repaired; that she was there repaired, and, up to the time of filing the libel, had not left the place where the repairs were done. No evidence of the filing of a specification of lien has been given. These facts show a lien upon the vessel by virtue of the provisions of the statute of the state of New York.

I do not understand the statute to require the filing of a specification of the lien, except in case the vessel depart from the port. No adjudged case to the contrary of this has been referred to, and I suppose no such case exists. I therefore hold the existence of a lien created by the state law to have been proved.

It may be added that the fact set up in the answer as a defense, namely, that the libelant took the vessel into his custody for the purpose of repairing her, and continued to hold her in his possession until taken possession of by the marshal by virtue of process in this action, seems to bring the case within the authority of the case of *The B. F. Woolsey*, 7 FED. REP. 110, according to which decision the libelant has a lien enforceable in admiralty, aside from the provisions of the state statute upon which the libelant has relied.

Let a decree be entered in favor of the libelant for the sum of $258.55, with interest from June 1, 1880, a    costs.